## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Blanca M.F.P., | Civil No. 26-1207 (DWF/JFD) |
| Petitioner, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

### INTRODUCTION

This matter is before the Court on Petitioner Blanca M.F.P.'s petition for a writ of habeas corpus alleging that she is in custody in violation of the Constitution and laws of the United States (the "Petition").  (Doc. No. 1)  Respondents oppose the Petition.  (Doc. No. 6.)  For the reasons set forth below, the Court grants the Petition and orders Respondents to immediately release Petitioner.

### BACKGROUND

Petitioner is a citizen of Ecuador and resident of Minneapolis, Minnesota.  (Doc. No. 1 ¶¶ 1, 8, 13.)  Petitioner has lived in the United States since August 2023 and has a pending asylum application.  (*Id.* ¶¶ 1, 13.)  Petitioner lives with her husband and two daughters, ages seven and eleven.  (*Id.* ¶ 15.)  She has no criminal record.  (*Id.* ¶ 14.)

U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner on February 7, 2026. (*Id.* ¶¶ 1, 16.) Petitioner was doing laundry with her husband when ICE agents wearing tactical vests and masks arrived in three unmarked vehicles and approached Petitioner and her husband outside of a laundromat. (*Id.* ¶ 16.) ICE did not have a warrant for the arrest of Petitioner. (*Id.*) The arrest of Petitioner and her husband leave their two young children without a parent to care for them. (*Id.*) At the time the Petition was filed, Petitioner had been brought to the Whipple Federal Building at Fort Snelling in Minnesota. (*Id.* ¶ 17.) As of 5:00 p.m. on February 7, 2026, the ICE Detainee Locator indicated "Call ICE For Details" as Petitioner's current detention facility. (*Id.* ¶ 8.) Petitioner is currently being detained at a location unknown to her counsel. (*Id.* ¶ 17.)

Petitioner filed the Petition on February 7, 2026. (*Id.* at 18.) Petitioner asserts that her detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. (*Id.* ¶¶ 36-52.) Petitioner requests, among other things, immediate release from detention. (*Id.* at 17.) On February 7, 2026, the Court ordered Respondents to answer the Petition on or before February 10, 2026 at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order. (Doc. No. 4.) Respondents timely filed a form response to the Petition. (Doc. No. 6.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That

authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a preponderance of the evidence.  *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a form response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and pointing the Court to their arguments in a pending Eighth Circuit case:  *Avila v. Bondi*, No. 25-3248.  (Doc. No. 6.)  As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute.  *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026).  Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States."  8 U.S.C. § 1225(a)(1).  Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings.  *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because she has been in the United States for over two years and has a pending asylum application.  *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country").  Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detainment. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detainment and provide documents of such (*see* Doc. No. 4), Respondents did not do so, (*see* Doc. No. 6). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4

4.      Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

5.      Respondents are directed to release Petitioner:

    a.      In Minnesota;

    b.      With all personal documents and belongings, such as her driver's license, passport, other immigration documents, and cell phone;

    c.      Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll and complete an "Alternatives to Detention" program;

    d.      Without any tracking devices; and

    e.      With all clothing and outerwear she was wearing at the time of detention, or other proper winter attire.

6.      Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

7.      Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

8.      Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 11, 2026          s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge